UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| LATARRA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:16-cv-98-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| JANET CONOVER, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Latarra Martin is an inmate at the Kentucky Correctional Institute for Women (KCIW), a state prison located in Pewee Valley, Kentucky. Proceeding without an attorney, Martin filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which she sues the defendants, all KCIW employees, only in their official capacities. [R. 1 at 2.]

In Martin's complaint, she describes a physical incident between her and at least one prison official. [R. 1 at 3.] Martin says that, as a result of this incident, she was placed in administrative segregation and charged in a disciplinary report with causing a "physical action against an employee or non-inmate." [R. 1 at 3.] Martin, however, claims that she "did not cause any physical action against anyone." [R. 1 at 3.] Instead, Martin alleges that one of the defendants, a correctional officer at the prison, assaulted her. [R. 1 at 3.] Nevertheless, Martin states that she was convicted of the disciplinary offense and, as a result, lost good time credits. [R. 1 at 3, 5, 14.]

Martin now appears to raise a series of claims against the defendants, including an excessive force claim, though she does not label those claims in a particularly clear way. [R. 1 at 3-13.] Martin also challenges her disciplinary conviction and loss of good time credits, and she takes exception to the procedures related to that disciplinary conviction. [R. 1 at 3-13, 15-17.]

Ultimately, Martin says that she is seeking $350,000 in punitive damages, and she asks the Court to restore her good time credits and expunge her disciplinary record. [R. 1 at 14.]

The Court, however, will dismiss Martin's claims. As an initial matter, Martin's claims for money damages against the defendants in their official capacities are barred by the Eleventh Amendment. *See Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). Moreover, Martin cannot challenge her disciplinary conviction and loss of good time credits in a § 1983 action; instead her remedy is to pursue relief under state law and then, if necessary, file a habeas action. *See Smith v. Corrections Corp. of America*, 5 F. App'x 443, 444-45 (6th Cir. 2001) (discussing *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997)). And to the extent that Martin takes exception to the procedures related to her disciplinary conviction, she is not currently eligible for relief on that basis because there is no indication from the record that her disciplinary conviction has been overturned. *See Smith*, 5 F. App'x at 445; *see also Lee-Bey v. Gundy*, 80 F. App'x 435, 437 (6th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. at 646).

Accordingly, **IT IS ORDERED** that:

1. Martin's claims for money damages against the defendants in their official capacities are **DISMISSED WITH PREJUDICE**.

2. Martin's claims challenging her disciplinary conviction and loss of good time credits, as well as the related procedures, are **DISMISSED WITHOUT PREJUDICE**.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This the 19th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge